IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH HACHEY, #222 872, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:16-CV-623-WKW ) [WO] |
| DEPUTY THOMAS POWELL, | ) ) |
| Defendant. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Plaintiff, a state inmate, in which he challenges the constitutionality of actions taken against him during his arrest on April 14, 2016, in Mobile County, Alabama. Doc. 1 at 3–4. Upon review, the court finds this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404.[1]

### **I. DISCUSSION**

A 42 U.S.C. § 1983 "civil action may be brought in (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or

---

[1] Plaintiff did not submit the requisite fees required to file this civil action nor did he file an application for leave to proceed *in forma pauperis*. However, under the circumstances of this case, the court concludes that collection and/or assessment of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.

the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

Mobile County, Alabama, is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Consequently, the actions about which Plaintiff complains occurred in the jurisdiction of that court. Additionally, it also appears that the individual(s) involved in the alleged constitutional violations reside in the Southern District of Alabama. Under these circumstances, the claims asserted by Plaintiff are beyond the venue of this court. It is clear, however, from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1404.

It is further ORDERED that **on or before August 24, 2016**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 3rd day of August, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE